UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO PEREZ BENITEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT et al.,<br>Respondents. | CASE NO. 2:26-cv-03882-DGE<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 7) |

This matter comes before the Court on Petitioner Francisco Perez Benitez's petition for writ of habeas corpus. (Dkt. No. 7.) For the reasons that follow, the Court DENIES the petition.

## I BACKGROUND

### A. Factual Background

The Court relies on *Perez Benitez v. Scott*, Case No. 2:26-cv-01113-DGE, Dkt. No. 9 (W.D. Wash. April 27, 2026) (hereinafter "*Perez Benitez I*") and *Perez Benitez v. Scott*, Case No. 2:26-cv-02151-DGE, Dkt. No 15 (W.D. Wash. Aug. 11, 2026) (hereinafter "*Perez Benitez II*") for a complete recitation of the background facts.

Petitioner, a citizen of Mexico, has been removed from the United States multiple times. *Perez Benitez I*, at 2. Petitioner last entered the United States in 2003. (Dkt. No. 7 at 2, 4.) Petitioner has lived in the Gresham, Oregon and Vancouver, Washington area since. (*Id.* at 2.) He lived with his children, including a United States citizen son, and his wife. (*Id.* at 5.)

Petitioner has been detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") since November 18, 2025.[1] (Dkt. Nos. 7 at 2, 4; 12 at 3; 13 at 8.) That day, ICE served Petitioner with a Form I-871 Notice of Intent/Decision to Reinstate Prior Removal Order to reinstate the February 8, 2003 order of removal. *Perez Benitez I*, at 2.

Petitioner states he has no violent criminal history. (Dkt. Nos. 7 at 2; 13 at 12.) Petitioner pled guilty to fraud under 18 U.S.C. § 1028(a)(4) in 2000. (Dkt. No. 12 at 2.)

An Immigration Judge ("IJ") denied Petitioner's motion for custody redetermination at a bond hearing held on June 2, 2026, finding Petitioner to be a flight risk. (Dkt. Nos. 7 at 3, 5; 12 at 4.) Petitioner did not appeal this decision. (Dkt. No. 7 at 5.)[2]

Petitioner's Petition for Review of his immigration proceedings, which was filed on December 19, 2025, is still pending before the Ninth Circuit, and a temporary stay of removal is still in effect. (Dkt. No. 12 at 3–4.)

Respondents state:

> ICE anticipates that it will be able to expeditiously execute Petitioner's removal order in the event the Ninth Circuit dismisses his Petition for review. ICE regularly removes individuals to Mexico, and there are no apparent impediments

[1] The petition also says Petitioner has been detained at NWIPC since February 24, 2026. (Dkt. No. 7 at 6.) This appears to be in error as all other evidence presented, including information in the same petition, shows Petitioner has been detained since November 18, 2025. (*See* Dkt. Nos. 7 at 2, 4; 12 at 3; 13 at 8.)

[2] The petition mentions "on June 19, 2026, another bond hearing was presented which was denied on August 11, 2026." (Dkt. No. 7 at 5.) This appears to be an error in which Petitioner called his second habeas petition, which was filed on June 19, 2026 and denied on August 11, 2026, a bond hearing by mistake. *See Perez Benitez II*.

> to Petitioner's removal in the event his petition for review is dismissed by the Ninth Circuit.

(*Id.* at 4.)

**B. Procedural Background**

This is Petitioner's third habeas petition before this Court regarding his detention at NWIPC. In *Perez Benitez I*, the Court denied Petitioner's first habeas petition. The Court found Petitioner failed to show his detention had become unconstitutionally prolonged due to *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), and Petitioner's detention did not violate due process. *Perez Benitez I*, at 5–9.

In *Perez Benitez II*, the Court denied Petitioner's second habeas petition which challenged the sufficiency of his June 2, 2026 bond hearing. The Court found because Petitioner was detained pursuant to 8 U.S.C. § 1231, he was not entitled to a bond hearing in the first instance and his detention remained lawful pursuant to *Prieto-Romero*. *Perez Benitez II*, at 6–7. Petitioner states his previous lawyer never informed him about the denial. (Dkt. No. 7 at 3.)

On October 21, 2026, Petitioner, proceeding pro se, filed this instant habeas petition. (Dkt. No. 7.) Petitioner also filed a motion to appoint counsel. (Dkt. No. 8.) On November 5, 2026, Respondents filed their return (Dkt. No. 11) and on November 12, 2026, Petitioner filed his traverse (Dkt. No. 13).

In his habeas petition, Petitioner argues the IJ's bond denial was constitutionally deficient as the IJ failed to meaningfully consider evidence presented by Petitioner. (Dkt. No. 7 at 8–10.) He seeks immediate release. (*Id.* at 8.) In response, Respondents argue Petitioner "raises claims identical to those raised in his prior petitions—claims this Court has already denied" and thus "[t]he abuse of the writ doctrine bars this third Petition." (Dkt. No. 11 at 1, 4.) In Petitioner's

traverse, he also raises his current detention has become unconstitutionally prolonged. (Dkt. No. 13 at 8–9, 16–19.)

## II LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, Case No. 2:24-cv-00326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).

In *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), the Supreme Court held the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

## III DISCUSSION

Respondents first state the abuse of the writ doctrine bars this current petition. (Dkt. No. 11 at 4.) While the Court respects the Respondents' position, the Court does not find Petitioner has abused the writ and will address the instant petition on the merits.

However, the Court need not address Petitioner's arguments regarding the sufficiency of his June 2, 2026 bond hearing as the Court already determined Petitioner failed to show his entitlement to an individualized bond hearing. *Perez Benitez II*, at 7.

Petitioner raises in his traverse that his detention has become unconstitutionally prolonged. (Dkt. No. 13 at 8–9, 16–19.) Respondents acknowledge Petitioner has now been detained longer than the six-month "presumptively reasonable" period following a removal order. (Dkt. No 11 at 6) (quoting *Zadvydas*, 533 U.S. at 701). However, Respondents assert Petitioner's detention is not indefinite because there is nothing "preventing the execution of his removal order if his appeal is unsuccessful, or that he is caught in a 'removable-but-unremovable limbo.'" (*Id.*) (quoting *Prieto-Romero*, 534 F.3d at 1063–1065).

This Court has previously determined Petitioner's detention had not become unconstitutionally indefinite, as this argument was foreclosed by *Prieto-Romero*. *Perez Benitez I*, at 5–6; *Perez Benitez II*, at 6 n.3. The Court agrees with its previous analysis that, "unlike the detainees in *Zadvydas*, Petitioner 'is not stuck in a removable-but-unremovable limbo' and Petitioner does not allege that Mexico lacks a repatriation treaty with the United States or will refuse to accept him in the event he is unsuccessful in his petition for review." *Perez Benitez I*, at 8 (quoting *Prieto-Romero*, 534 F.3d at 1063) (citation modified). ICE continues to anticipate it can "expeditiously execute Petitioner's removal order in the event the Ninth Circuit dismisses his Petition for review." (Dkt. No. 12 at 4.) Though several months have passed since these prior petitions, and Petitioner remains detained at NWIPC, Petitioner's argument regarding the unconstitutionality of the length of his detention continues to be foreclosed by *Prieto-Romero*.

## IV CONCLUSION

Petitioner fails to show his entitlement to an individualized bond hearing or that he is otherwise being held contrary to law. Therefore, the Court DENIES Petitioner's petition for writ of habeas corpus. (Dkt. No. 7.) Petitioner's motion to appoint counsel is denied as moot. (Dkt. No. 8.) The Clerk is directed to close the matter.

Dated this 23rd day of November, 2026.

David G. Estudillo
United States District Judge